

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) EMMA ASBERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| (1) BOARD OF COUNTY COMMISSIONERS FOR TULSA COUNTY, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**FILED**

DEC 22 2014

Phil Lombardi, Clerk
U.S. DISTRICT COURT

14 CV - 765 TCK - PJC

### NOTICE OF REMOVAL

TO:   PLAINTIFF EMMA ASBERRY AND HER
       ATTORNEYS OF RECORD

Defendants, and the Board of County Commissioners of Tulsa County ("BOCC") by and through their undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby notify this Court that it is removing the above-captioned action currently pending in the District Court of Tulsa County, Oklahoma to the United States District Court for the Northern District of Oklahoma. In support of this Notice of Removal, Defendants state as follows:

1.     Plaintiff, Emma Asberry, filed her Petition against Defendants in the District Court for Tulsa County, Oklahoma on November 25, 2014 (the "State Court Lawsuit"). Defendants received service of Plaintiff's Petition on December 3, 2014. Thus, this Notice of

1



Removal is filed with this Court within thirty (30) days of the receipt of Plaintiff's Complaint (or Petition) as required by 28 U.S.C. § 1446(b).

2.      Defendants are filing a Status Report of Removed Action along with the filing of this Notice of Removal. Defendants will also be filing Answers in this Court within days of filing this Notice of Removal. Pursuant to LCvR 81.2, clear and legible copies of all documents filed or served in the case are attached as follows: Plaintiff's Petition as <u>Exhibit 1</u>, copy of the summons served upon the BOCC as <u>Exhibits 2</u> and a copy of the Docket Sheet as <u>Exhibit 3</u>.

3.      The basis for removal to federal court is federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4.      In accordance with 28 U.S.C. § 1446(d), Defendants are promptly filing a copy of this Notice of Removal (without exhibits) with the Clerk of the District Court for Tulsa County, Oklahoma.

5.      In accordance with 28 U.S.C. § 1446(d), Defendants are also giving written notice to Plaintiff by promptly serving this Notice of Removal upon Plaintiff's counsel.

6.      As required by 28 U.S.C. § 1441, Defendants seek to remove this case to the United States District Court for the Northern District of Oklahoma, which is the District Court embracing the place where the State Court Lawsuit has been filed.

## <u>FEDERAL QUESTION JURISDICTION</u>

7.      Plaintiff's Petition makes claims under Title VII of the Civil Rights Act, as amended 42 U.S.C § 2000-2 *et. seq. See* Plaintiff's Petition, <u>Ex. 1.</u>

8.      Accordingly, Plaintiff has invoked this Court's original jurisdiction on "a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. §§ 1331, 1441.

9.      Venue lies in this Court because Plaintiff's action is pending in this district and division. *See* 28 U.S.C. § 1441(a).

WHEREFORE, Defendant BOCC respectfully request that the above-captioned action now pending in the District Court of Tulsa County, Oklahoma be removed to the District Court for the Northern District of Oklahoma, and that said District Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated this 22nd day of December, 2014.

Respectfully submitted,

*/s/ Matney M. Elllis*
Matney M. Ellis, OBA #21653
Tulsa County District Attorney
500 South Denver, Suite 800
Tulsa, Oklahoma 74103 (918)
596-4814
(918) 596-4804 – facsimile
matney.ellis@tulsacounty.org

ATTORNEY FOR DEFENDANT BOARD OF
COUNTY COMMISSIONERS OF TULSA COUNTY

## CERTIFICATE OF SERVICE

I hereby certify that on <u>December 22, 2014</u>, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Daniel E. Smolen, <u>Esq.</u>
<u>danielsmolen@ssrok.com</u>


And I served the attached document by regular mail, postage prepaid, on the following:


Daniel E. Smolen
Smolen, Smolen & Roytman, PLLC
701 South Cincinnati Avenue
Tulsa, OK 74119

<u>/s/ Matney M. Ellis</u>
Matney M. Ellis

4



STATE OF OKLAHOMA
TULSA COUNTY

**IN THE DISTRICT COURT OF TULSA COUNTY**
**STATE OF OKLAHOMA**

2014 DEC -3  AM 9: 43

DISTRICT COURT
F I L E D
NOV 25 2014

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

EMMA ASBERRY,                      )
                                   )
          Plaintiff,               )   Case No. CJ-2014-04530
                                   )
vs.                                )   Attorney Lien Claimed
                                   )
BOARD OF COUNTY                    )
COMMISSIONERS OF TULSA             )   DAMAN CANTRELL
COUNTY                             )
          Defendant.               )

## PETITION

COMES NOW the Plaintiff, Emma Asberry, by and through her attorney of record, Daniel E. Smolen, of *Smolen, Smolen & Roytman, PLLC*, and brings this action against the Defendant, Board of County Commissioners for Tulsa County for violations of Plaintiff's constitutionally protected rights arising out of her employment and termination by said Defendant. In support of her Petition, Plaintiff states as follows:

### PARTIES, JURISDICTION & VENUE

1. This is an action for damages and to secure protection of and to redress deprivation of rights secured by Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000-2, hereinafter ("Title VII").

2. Plaintiff, Emma Asberry, an African American female and resident of the State of Oklahoma, filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff complained to the EEOC of discrimination based on her race as well as retaliation under Title VII.



DEFENDANT'S
EXHIBIT
1

1

3.  Plaintiff received a Notice of Right to Sue on or around October 2, 2014, and this Petition has been filed within ninety (90) days of the receipt of the Notice of Right to Sue.

4.  As such, Plaintiff has exhausted her available administrative remedies and has complied fully with all prerequisites in this Court under Title VII.

5.  Compensatory damages are sought pursuant to 42 U.S.C. § 2000e-5(g).

6.  Punitive damages are sought pursuant to 42 U.S.C. § 1981-A.

7.  Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 2000e-5(g).

8.  Plaintiff is a resident of Tulsa County, State of Oklahoma.

9.  Defendant, Board of County Commissioners of Tulsa County, operates in Tulsa County and regularly employs more than fifteen (15) employees.

10. The incidents and occurrences giving rise to Plaintiff's claims occurred in Tulsa County, State of Oklahoma.

11. Therefore, jurisdiction and venue properly lie in this Court.

## FACTS COMMON TO PLAINTIFF'S CLAIMS

12. Plaintiff incorporates the preceding paragraphs as if re-alleged.

13. Plaintiff began his employment with the Defendant in December 2003 as a building operations janitor. Plaintiff was a loyal employee for over ten years.

14. In April or May of 2011, the work schedule was changed for the Plaintiff's shift requiring the Plaintiff to work until 1:00 a.m. instead of 11:30 p.m.  The Plaintiff indicated to her supervisor, Sean Gardner, that this would be a problem for her due to childcare requirements. Mr. Garder instructed her to try to work it out and to speak with Rick and Jim, the head of operations.

2

15. The Plaintiff spoke to these individuals and was also able to procure childcare until 1:00 a.m. with the exception of Fridays. The Plaintiff got this arrangement approved with Sean and Rick and used PTO and vacation for the time on Fridays that she had to leave before 1:00 a.m., as she was instructed by her supervisor.

16. In August of 2013, the Plaintiff witnessed an argument between Mr. Garder and an African American employee, Ryan. During the argument, Ryan accused Mr. Gardner of trying to get rid of all of the black employees. Mr. Gardner responded to this question in the affirmative.

17. The following day, Mr. Gardner asked the Plaintiff to write a statement about the altercation and also gave her Dan Belding's phone number and asked her to call him. The Plaintiff obeyed and called Mr. Belding, who also requested she write a statement. The Plaintiff wrote a statement describing what she witnessed and turned it into Ken Anderson.

18. After the Plaintiff turned her statement in, describing the discriminatory comment she witnessed, Ken Anderson and Sean Gardner stopped speaking to her. For the first time since the schedule was changed in 2011 and the Plaintiff was requesting time off to cover the hours in the week she could not stay until 1:00 a.m., her request was denied and was repeatedly denied thereafter

19. After submitting the statement and experiencing poor treatment from her supervisors, the Plaintiff submitted a formal grievance on February 6, 2014 to Human Resources complaining that she felt harassed and that she was being retaliated against for her statement regarding Sean Gardner.

20. The following day, on February 7, 2014, the Plaintiff was terminated from her employment in retaliation for submitting her written grievance the previous day, which continued from the original written statement she gave in August 2013.

### FIRST CLAIM FOR RELIEF
### DISCRIMINATION BASED ON RACE (TITLE VII)

19. Plaintiff incorporates the preceding paragraphs as if re-alleged.

20. By retaliating against the Plaintiff and terminating the Plaintiff's employment, the Defendant violated Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

    a. Back pay and lost benefits; front pay until normal retirement;
    b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
    c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
    d. Her attorney fees and the costs and expenses of this action;
    e. Equitable Relief
    f. Such other relief as the Court deems just and equitable.

### SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1981

21. Plaintiff incorporates the preceding paragraphs as if re-alleged.

22. By continually subjecting Plaintiff to retaliatory acts, denying earned vacation and PTO and ultimately terminating her employment, Defendant and its agents have violated 42 U.S.C §1981.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

    a. Back pay and lost benefits; front pay until normal retirement;
    b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
    c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
    d. Her attorney fees and the costs and expenses of this action;

e. Equitable Relief
f. Such other relief as the Court deems just and equitable.

## THIRD CLAIM FOR RELIEF
## RETALIATION IN VIOLATION OF TITLE VII

23. Plaintiff incorporates the preceding paragraphs as if re-alleged.

24. The Plaintiff engaged in protected activity when she reported discriminatory comments made by her supervisor and again when she reported harassment in violation of the County's anti-harassment policy.

25. The Plaintiff suffered adverse employment actions, including termination of her employment, shortly after making her complaints and in retaliation for those complaints. As such, the Defendant has violated Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000-2.

WHEREFORE, Plaintiff prays for judgment against Defendant for:

26. Back pay and lost benefits; front pay until normal retirement;
27. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;
28. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;
29. Her attorney fees and the costs and expenses of this action;
30. Equitable Relief
   a. Such other relief as the Court deems just and equitable.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN, PLLC

Daniel E. Smolen, OBA No. 19943
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 (Fax)
*Attorneys for Plaintiff*

5

## IN THE DISTRICT COURT OF TULSA COUNTY STATE OF OKLAHOMA
## STATE OF OKLAHOMA

TULSA COUNTY

EMMA ASBERRY,                    )
                                 )    CJ-2014-04530
            Plaintiff,           )
                                 )    Case No.
vs.                              )                          PAT KEY
                                 )    Attorney Lien Claimed  TULSA COUNTY CLERK
BOARD OF COUNTY                  )
COMMISSIONERS OF TULSA           )
COUNTY                           )                    RECEIVED
            Defendant.           )
                                              DEC 0 3 2014

                                              District Attorney
                                              Dist #14

### ORIGINAL SUMMONS

**SERVE BY U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

> Board of County Commissioners of Tulsa County
> c/o Tulsa County Clerk
> Tulsa County Administration Bldg.
> 500 S. Denver
> Tulsa, OK 74103-3832

To the above-named Defendant(s)

You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

Issued this _25th_ day of ____November__, 2014

                              SALLY HOWE SMITH. COURT CLERK
                              County Court Clerk

                    By    _____
                              Deputy Court Clerk

(Seal)

This summons and order was served on _____.

                    _____
                    (Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.



DEFENDANT'S
EXHIBIT

**Return ORIGINAL for filing.**

## PERSONAL SERVICE

I certify that I received the foregoing Summons the _____ day of_____, 2014, and that I delivered a copy of said Summons with a copy of the Petition to the following named defendant personally in _____ County, _____ at the address and on the date set forth opposite each name, to-wit:

Name of Defendant                    Address                    Date of Service

_____

## USUAL PLACE OF RESIDENCE

I certify that I received the foregoing Summons on the _____ day of _____, 2014, and that on _____, I served _____ by leaving a copy of said summons with a copy of the attached Petition at _____, which is his/her dwelling house or usual place of abode, with _____, a person then residing therein, who is fifteen (15) years of age or older.

## NOT FOUND

Received this Summons this _____ day of _____, 2014.  I certify that the following persons of the defendant within named not found in said County:

## FEES

Fee for service $_____, Mileage $_____,
Total $_____
Dated this _____ day of _____, 2014.
                              By:
                                   Sheriff of _____ County,

## AFFIDAVIT

I, _____, the undersigned, under oath, do say that I served this Summons and made the return thereon, according to law that I am duly authorized to make this affidavit so help me God.
                                   Sheriff of _____ County,

Subscribed to and sworn to before me this _____ day of_____, 2014.
My Commission Expires: _____
              Seal                    Notary Public

## CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the Petition to the following named defendant at the address shown by certified mail, addressee only, return receipt requested, on the _____ day of _____, 2014, and receipt thereof on the dates shown:

Defendant                    Address Where Served                    Date
Receipted

                                   Signature of person mailing summons

12/15/2014    OCIS Case Summary for CJ-2014-4530- ASBERRY, EMMA v. BOARD OF COUNTY COMMISSIONERS OF TULSA COUNTY (Tulsa County Distri...



**OSCN** THE OKLAHOMA STATE COURTS NETWORK   *www.oscn.net*

Home    Courts    Court Dockets    Legal Research    Calendar    Help

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| | |
|---|---|
| EMMA ASBERRY,<br>      Plaintiff,<br><br>v.<br><br>BOARD OF COUNTY COMMISSIONERS OF TULSA COUNTY,<br>      Defendant. | No. CJ-2014-4530<br>(Civil relief more than $10,000:<br>WRONGFUL TERMINATION)<br><br>Filed: 11/25/2014<br><br>Judge: Cantrell, Daman H. |

## Parties

ASBERRY, EMMA , Plaintiff
BOARD OF COUNTY COMMISSIONERS OF TULSA COUNTY , Defendant

## Attorneys

| **Attorney** | **Represented Parties** |
|---|---|
| SMOLEN, DANIEL E(Bar # 19943)<br>701 S. CINCINNATI<br>TULSA, OK 74119 | ASBERRY, EMMA |

## Events

| Event | Party | Docket | Reporter |
|---|---|---|---|

## Issues

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**

| | |
|---|---|
| **Party Name:**<br><br>**Defendant:** BOARD OF COUNTY COMMISSIONERS OF TULSA COUNTY | Issue: WRONGFUL TERMINATION<br>(TERMINATE)<br>Filed by: ASBERRY, EMMA<br>Filed Date: 11/25/2014<br>**Disposition Information:**<br><br>Pending. |



DEFENDANT'S
EXHIBIT
3

## Docket

| Date | Code | Count | Party | Serial # | Entry Date | | |
|---|---|---|---|---|---|---|---|
| 11-25-2014 | TEXT | 1 | | 92083769 | Nov 25 2014 3:55:32:137PM | - | $ 0.00 |

12/15/2014     OCIS Case Summary for CJ-2014-4530- ASBERRY, EMMA v. BOARD OF COUNTY COMMISSIONERS OF TULSA COUNTY (Tulsa County Distri...

CIVIL RELIEF MORE THAN $10,000 INITIAL FILING.

| 11-25-2014 | TERMINATE - WRONGFUL TERMINATION | 92083771 | Nov 25 2014 3:55:32:587PM | Realized | $ 0.00 |
|---|---|---|---|---|---|
| 11-25-2014 | DMFE - DISPUTE MEDIATION FEE($ 2.00) | 92083772 | Nov 25 2014 3:55:32:647PM | Realized | $ 2.00 |
| 11-25-2014 | PFE1 - PETITION($ 163.00) | 92083773 | Nov 25 2014 4:14:14:727PM | Realized | $ 163.00 |

🖹 *Document Available (#1027976811)*

| 11-25-2014 | PFE7 - LAW LIBRARY FEE($ 6.00) | 92083774 | Nov 25 2014 3:55:32:647PM | Realized | $ 6.00 |
|---|---|---|---|---|---|
| 11-25-2014 | OCISR - OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND($ 25.00) | 92083775 | Nov 25 2014 3:55:32:647PM | Realized | $ 25.00 |
| 11-25-2014 | CCADMIN02 - COURT CLERK ADMINISTRATIVE FEE ON $2 COLLECTIONS($ 0.20) | 92083776 | Nov 25 2014 3:55:32:647P02 | Realized | $ 0.20 |
| 11-25-2014 | OCJC - OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND($ 2.00) | 92083777 | Nov 25 2014 3:55:32:647PM | Realized | $ 2.00 |
| 11-25-2014 | OCASA - OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES($ 5.00) | 92083778 | Nov 25 2014 3:55:32:647PM | Realized | $ 5.00 |
| 11-25-2014 | CCADMIN04 - COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS($ 0.50) | 92083779 | Nov 25 2014 3:55:32:647PM | Realized | $ 0.50 |
| 11-25-2014 | LTF - LENGTHY TRIAL FUND($ 10.00) | 92083780 | Nov 25 2014 3:55:32:747PM | Realized | $ 10.00 |
| 11-25-2014 | SMF - SUMMONS FEE (CLERKS FEE)($ 5.00) | 92083781 | Nov 25 2014 3:55:32:787PM | Realized | $ 5.00 |
| 11-25-2014 | SMIMA - SUMMONS ISSUED - MAILED BY ATTORNEY | 92083782 | Nov 25 2014 3:55:32:817PM | Realized | $ 0.00 |
| 11-25-2014 | TEXT - OCIS HAS AUTOMATICALLY ASSIGNED JUDGE CANTRELL, DAMAN H. TO THIS CASE. | 92083770 | Nov 25 2014 3:55:32:297PM | - | $ 0.00 |
| 11-25-2014 | ACCOUNT | 92083795 | Nov 25 2014 3:56:14:417PM | - | $ 0.00 |

RECEIPT # 2014-2978900 ON 11/25/2014.
PAYOR:SMOLEN SMOLEN TOTAL AMOUNT PAID: $218.70.
LINE ITEMS:

CJ-2014-4530: $168.00 ON AC01 CLERK FEES.
CJ-2014-4530: $6.00 ON AC23 LAW LIBRARY FEE.

12/15/2014    OCIS Case Summary for CJ-2014-4530- ASBERRY, EMMA v. BOARD OF COUNTY COMMISSIONERS OF TULSA COUNTY (Tulsa County Distri...

CJ-2014-4530: $0.70 ON AC31 COURT CLERK REVOLVING FUND.
CJ-2014-4530: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES.
CJ-2014-4530: $2.00 ON AC59 OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND.
CJ-2014-4530: $2.00 ON AC64 DISPUTE MEDIATION FEES.
CJ-2014-4530: $25.00 ON AC79 OCIS REVOLVING FUND.
CJ-2014-4530: $10.00 ON AC81 LENGTHY TRIAL FUND.

Report Generated by The Oklahoma Court Information System at December 15, 2014 14:15 PM

End of Transmission.